JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
NANCY E. STEFFAN
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
350 S. Figueroa St., Ste. 370
Los Angeles, California  90071
Tel:  (213) 894-5366
Fax:  (213) 894-2064
Email:  Steffan.Nancy.E@dol.gov

Attorneys for Thomas E. Perez, Secretary,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>EWC & ASSOCIATES, INC., dba Portola Valley Training Center and Gilroy Gates, a California corporation; and KEVIN CHAMBERS, an individual,<br><br>Defendants. | Case No.: 3:19-cv-00023<br><br>**COMPLAINT FOR VIOLATIONS OF THE MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT AND THE FAIR LABOR STANDARDS ACT OF 1938** |

Plaintiff, R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor, brings this action under Section 17, 29 U.S.C. § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 – 219 ("FLSA"), to enjoin Defendants EWC & Associates, Inc., dba Portola Valley Training Center and Gilroy Gates, and Kevin Chambers from violating the minimum wage, overtime, and recordkeeping provisions of the FLSA, FLSA Sections 6, 7, 15(a)(2), 11(c), and 15(a)(5), 29 U.S.C. §§ 206, 207, 215(a)(2), 211(c), and 215(a)(5), and to enjoin Defendants from continuing to withhold unpaid

wages owed to their employees.

Plaintiff also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for a judgment against Defendants for unpaid overtime compensation due to Defendants' employees listed in the attached Exhibit A and an additional equal amount as liquidated damages.

Plaintiff also brings this action under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, et seq., ("MSPA"), pursuant to authority granted by § 502 of MSPA, 29 U.S.C. § 1852 to enjoin Defendants from violating MSPA's wage, recordkeeping and disclosure provisions, and for a restitutionary injunction to enjoin Defendants from continuing to withhold wages promised by Defendants and due to their migrant agricultural employees under MSPA.

**PARTIES**

1. Plaintiff R. Alexander Acosta is the Secretary of Labor for the United States Department of Labor.

2. At all relevant times, Defendant EWC & Associates, Inc. ("EWC") is and has been engaged in the business of operating equestrian facilities, planting and harvesting hay, and raising livestock for sale. At all relevant times, EWC was incorporated in California, with its principal place of business located at 100 Ansel Lane, Menlo Park, CA 94028.

3. On information and belief, at all relevant times Defendant Kevin Chambers resided within the jurisdiction of this Court, was and is the sole owner and officer of EWC, and acted directly or indirectly in EWC's interest in relation to its employees.

**JURISDICTION**

4. This Court has jurisdiction over this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217; Section 502(a) of the Migrant Seasonal Agricultural Worker Protection Act (MSPA), 29 U.S.C § 1852(a); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

//
//

## INTRADISTRICT ASSIGNMENT

5.  This case should be assigned to the San Francisco or Oakland Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions which gave rise to the claims occurred in San Mateo County.

## VENUE

6.  Venue lies in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because EWC does business in Menlo Park, California and Hollister, California, within this judicial district, and a substantial part of the acts or omissions giving rise to the claims in this action occurred in this district.

## FLSA COVERAGE

7.  At all relevant times, Defendant EWC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA because (a) Defendant EWC had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and (b) EWC had an annual gross volume of sales made or business done of not less than $500,000.

8.  At all relevant times, Defendant EWC was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint.

9.  At all relevant times, Defendant Kevin Chambers was and is an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint.

## VIOLATIONS OF THE FLSA

10. Defendants have willfully violated Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay their employees not less than the applicable federal minimum wage rate of $7.25 per hour during all workweeks.

11. Defendants have willfully violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours.

12. Defendants have willfully violated Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516.

## MSPA COVERAGE

13. Defendant EWC is, and at all relevant times was, an "agricultural employer," under § 3(2) of MSPA, 29 U.S.C. § 1802(2) in that it owned or operated a ranch and employed migrant or seasonal agricultural workers.

14. Defendant Kevin Chambers is, and at all relevant times was, an "agricultural employer," under § 3(2) of MSPA, 29 U.S.C. § 1802(2) in that he owned or operated a ranch and employed migrant or seasonal agricultural workers.

## VIOLATIONS OF MSPA

15. Defendants have failed to pay, when due, all wages owed to migrant agricultural workers whom they employed in violation of MSPA § 202(a), 29 U.S.C. § 1822(a), and 29 C.F.R. § 500.81.

16. Defendants violated MSPA § 201(a), 29 U.S.C. 1821(a), and 29 C.F.R. § 500.75 by failing to accurately disclose in writing to their migrant workers at the time of recruitment the wage rates to be paid, the activities on which the worker may be employed, and the benefits to be provided.

17. Defendants violated MSPA §§ 201(a) and (f), 29 U.S.C. §§ 1821(a) and (f), in that they misrepresented the terms and conditions of agricultural employment required to be disclosed to their migrant agricultural workers.

18. Defendants violated MSPA § 202(c), 29 U.S.C. 1822(c), in that they failed to provide the terms and conditions of employment that they had offered to their migrant agricultural workers in writing.

19. Defendants violated MSPA § 201(d)(2), 29 U.S.C. § 1821(d)(2), and 29 C.F.R. §§ 500.80(a) and (d), in that they failed to provide migrant agricultural workers with pay statements containing the information required by MSPA and the regulation.

20. Defendants violated MSPA § 203(a), 29 U.S.C. § 1823(a), and 29 C.F.R. § 500.132(a)(1) in that they failed to ensure that their migrant workers' housing complied with applicable safety and health standards.

**RELIEF REQUESTED**

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A. For an Order under Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants EWC and Kevin Chambers and all those in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215;

B. For an Order under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid compensation due to their employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the relevant statutory period;

C. For an Order restraining Defendants under Section 17 of the FLSA, 29 U.S.C. § 217, from continuing to withhold the payment of any unpaid wages and other compensation that may be found by this Court to be due to Defendants' current and former employees, including the persons listed on the attached Exhibit A, plus pre-judgment interest computed on the unpaid wages due;

D. For an Order under § 502 of MSPA, 29 U.S.C. § 1852, permanently enjoining and restraining all Defendants and their officers, agents, servants and employees, from prospectively violating MSPA sections 201, 202, and 203, 29 U.S.C. §§ 1821, 1822, and 1823, including the restraint of the continued withholding of unpaid compensation due employees of Defendants, plus pre-judgment interest computed thereon;

E. For an Order awarding the Secretary the costs of this action; and

F. For an Order granting other and further relief as may be necessary or appropriate.

//
//
//
//

Dated: January 2, 2019

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

By: /s/ Nancy E. Steffan
     NANCY E. STEFFAN (Cal. Bar # 280958)
     Trial Attorney

Attorneys for the Secretary of Labor,
United States Department of Labor

EXHIBIT A

| First Name | Last Name |
|---|---|
| Cruz | Alberto Munoz |
| Ricardo | Arreola Barragan |
| Jared | Arrieta |
| Leonel | Ayala Ayala |
| Roberto | Balbuena |
| Juan | Carlos Torres |
| Fernando | Cordoba |
| Leonardo | Daniel Reyna |
| Francisco | Farias |
| Fernando | Gutierrez |
| Gabriel | Hernandez |
| Joel | Hernandez |
| Jose | Hernandez |
| Juan | Hernandez |
| Emanuel | Lopez Munoz |
| Emanuel | Lozano Hernandez |
| Luis | Padilla |
| Oracio | Padilla Padilla |
| Reymundo | Perez |
| Valentin | Reyes |
| Maximino | Reyes Vasquez |
| Joaquin | Reyna |
| Sostenes | Reyna |
| Fidel | Reyna Medina |
| Jesus | Reyna Rodriquez |
| Ignacio | Rodriguez |
| Abel | Salas |
| Rolando | Vargas |
| Florentino | Vivanco |
| Sergio | Vivanco |